IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling Division

CATHERINE T. WALKER,
MICHAEL J. WALKER,
CATHY WALKER BOWMAN,
DALENE ANNETTE BLEVINS,
GARY MITCHELL WALKER,
JOSIE DIANE SNUFFER,
RICHARD FERMINE WALKER,
SUSAN LEIGH POLINE,
RODNEY J. GARRISON, EXECUTOR
OF THE ESTATE OF FRANK D. GARRISON,

        Plaintiffs,

v.   CIVIL ACTION NO. 5:19-CV-34 (Bailey)

SWN PRODUCTION COMPANY, LLC,
CHESAPEAKE APPALACHIA, L.L.C.,
EQUINOR USA ONSHORE PROPERTIES INC., and
JAMESTOWN RESOURCES, L.L.C.,

        Defendants.

ELECTRONICALLY FILED
Mar 15 2019
U.S. DISTRICT COURT
Northern District of WV

## COMPLAINT

## JURISDICTION AND VENUE

1. Plaintiff Catherine T. Walker is a resident of West Virginia.

2. Plaintiff Michael J. Walker is a resident of West Virginia.

3. Plaintiff Cathy Walker Bowman is a resident of Virginia.

4. Plaintiff Dalene Annette Blevins is a resident of West Virginia.

5. Plaintiff Gary Mitchell Walker is a resident of West Virginia.

6. Plaintiff Josie Diane Snuffer is a resident of West Virginia.

7. Plaintiff Richard Fermine Walker is a resident of Kentucky.

8. Plaintiff Rodney J. Garrison is a resident of Indiana serving as the Executor of the Estate of Frank D. Garrison II, an Indiana probate estate with an ancillary proceeding in West Virginia.

9. Defendant SWN Production Company, LLC (hereinafter "SWN") is a Texas limited liability company with its principal place of business in Texas.

10. Defendant Equinor USA Onshore Properties Inc. (hereinafter "Equinor") is a Delaware corporation with its principal place of business in Texas.  (Defendant Eric Cochran is a resident of Harrison County, West Virginia.

11. Defendant Chesapeake Appalachia, L.L.C. (hereinafter "CHK") is an Oklahoma limited liability company with its principal place of business in Oklahoma.

12. Defendant Jamestown Resources, L.L.C. (hereinafter "Jamestown") is an Oklahoma limited liability company with its principal place of business in Oklahoma.

13. SWN, Equinor, and CHK are all registered to do business in West Virginia and do regularly and continuously conduct business in this state, and this case arises from these Defendants' activities in this state such that this Court has personal jurisdiction over these Defendants.

14. This case involves trespass under West Virginia state law to oil and gas located in Ohio County, West Virginia, such that venue is appropriate under 28 U.S.C. § 1391(b)(2).

15. The parties have diverse citizenship and the amount in controversy exceeds $75,000, such that this Court has subject matter jurisdiction over this claim pursuant to 28 U.S.C. § 1332(a)(1) and 28 U.S.C. § 1332(e).

## STATEMENT OF FACTS

16. The Plaintiffs are the owners of an undivided interest in the oil and gas underlying a parcel of approximately 46 acres, 22 square poles in Liberty District, Ohio County, West Virginia, the surface of which is assessed as Map L2, Parcel 11 (hereinafter the "Subject Lands").

17. The Plaintiffs are descendants of Frank P. Garrison, who acquired both the surface and oil and gas underlying the 46 acre, 22 pole Subject Property by Deed, dated April 18, 1908 (Ohio County Deed Book 127, Page 225, copy attached hereto as "Exh. A").

18. Frank P. Garrison died in 1932. In his Will, he left his mineral interests, in equal shares, to his seven children, or to their issue, should the child predecease him. (Ohio County Will Book 17, Page 469, copy attached hereto as "Exh. B.")

19. One of those seven children, Frank P. Garrison's son Dawson Frank Garrison, died on March 20, 1930 and thus predeceased his father. (Copy of the death certificate attached hereto as "Exh. C.")

20. Dawson Frank Garrison was survived by two children, Doris Garrison and Frank Dawson Garrison. By Deed, dated March 26, 1947, the guardian of these children conveyed their interest in the surface to Grace M. Bauer and Henry L. Bauer (Deed Book 295, Page 380, copy attached hereto as "Exh. D").

21. In that Deed, the guardian reserved to the children of Dawson Frank Garrison, Doris Garrison, and Frank Dawson Garrison, all minerals, including the oil and gas.

22. Doris Garrison Walker died on March 31, 2011. In her Will, she left the entirety of her estate to her surviving children, the Plaintiffs, Richard Fermine Walker, Dalene Annette Blevins, Josie Diane Snuffer, Gary Mitchell Walker, Susan Leigh Poline, and Cathy Walker Bowman, as well as the two children of her deceased son, the Plaintiffs John Stephen

Walker, Michael J. Walker, and Catherine T. Walker (Raleigh County Will Book 5043, Page 2665, copy attached hereto as "Exh. E").

23. Frank Dawson Garrison died on September 17, 2017. In his Will, probated in Hancock County, Indiana, and recently admitted in Ohio County, West Virginia, he made his son, Rodney J. Garrison, Executor. (Copy of Will attached hereto as "Exh. F," copy of Letters of Administration as hereto as "Exh. G.")

24. Neither the Plaintiffs nor their predecessors in title have granted the Defendants or their predecessors in title, an oil, gas, or mineral lease covering the Subject Lands.

25. Likewise, neither the Plaintiffs nor their predecessors in title have granted the Defendants or their predecessors in title permission to drill wells on or under the Subject Lands or to produce gas therefrom.

26. Defendant Chesapeake, working in conjunction with Defendant Equinor, formerly known as Statoil USA Onshore Properties, Inc., drilled a well under the Subject Lands, known as the Kestner 3H Well (API # 47-069-00081).

27. According to documents recorded in Ohio County, the spud date for the well was June 7, 2011.

28. The Kestner 3H Well is a well targeting the Marcellus Shale formation and thus lies at a significant depth below the surface of the Subject Lands.

29. Thus, though the well bisects, and is "bottomed" under the Subject Lands, no surface disturbances exist on the Subject Lands.

30. According to production data provided to the State of West Virginia, the Kestner 3H Well has been continuously producing oil and gas from the Subject Lands since November of 2012.

31. Chesapeake assigned a working interest in the Kestner 3H Well to Jamestown on September 12, 2013, effective June 7, 2011.

32. On July 1, 2014 Chesapeake assigned its working interest in the Kestner 3H Well to Defendant SWN.

33. SWN and, upon information and belief, Equinor, have maintained continuous production from the Kestner 3H well through the present and continue to produce therefrom.

34. At no point prior to or subsequent to the drilling of the Kestner 3H Well did the Plaintiffs, or their predecessors in title, grant the Defendants any form of permission, written or otherwise, to drill a well under the Subject Lands.

35. The Plaintiffs were unaware of the Kestner 3H Well's existence until early 2018.

## COUNT I – BAD FAITH TRESPASS

36. The Defendants intentionally drilled the Kestner 3H Well under the Subject Lands.

37. In drilling and producing oil and gas from the Subject Lands, the Defendants intruded upon the Plaintiffs' interest therein.

38. The Defendants' intrusion upon the Plaintiffs' interest was unauthorized.

39. In intentionally entering upon the lands of the Plaintiffs without authorization, the Defendants committed a trespass.

40. Since initially intruding upon the Subject Lands the Defendants have continued producing oil and gas therefrom such that their trespass is continuing.

41.     At the time of the Defendants' intrusion, the Defendants' had full knowledge of the basis of the Plaintiffs' ownership (*i.e.* the March 26, 1947 Deed) such that their trespass was willful or intentional and not merely negligent.

42.     The Plaintiffs' suffered damages as a proximate result of the Defendants' continuing trespass, including but not limited to, the loss of the oil and gas produced from the Kestner 3H Well.

43.     As the Kestner 3H Well is still in production, it is reasonably certain that the Plaintiffs will continue to suffer damages as a proximate result of the Defendants' continuing trespass.

WHEREFORE, The Plaintiffs request judgment against the Defendants for the following:

A.     Past damages for the full value, without deduction for the cost of production, of one-seventh of the oil and gas produced to date from the Kestner 3H Well;

B.     Future damages for the full value, without deduction for the cost of production, of one-seventh of the oil and gas produced to date from the Kestner 3H Well;

C.     Punitive damages in an amount to be determined by the jury as sufficient to punish the Defendants and deter the Defendants and others similarly situated from engaging in similar conduct; and

D.     Such other foreseeable consequential damages as the jury determines are appropriate.

### COUNT II I – GOOD FAITH TRESPASS

44.     This Count is pled in the alternative, in the event that the Court or jury determines the Defendants' continuing trespass to be "negligent" or "innocent."

45. The Defendants intentionally drilled the Kestner 3H Well under the Subject Lands.

46. In drilling and producing oil and gas from the Subject Lands, the Defendants intruded upon the Plaintiffs' interest therein.

47. The Defendants' intrusion upon the Plaintiffs' interest was unauthorized.

48. In intentionally entering upon the lands of the Plaintiffs without authorization, the Defendants committed a trespass.

49. The Defendants should have known of the Plaintiffs' interest in the Subject Lands and the impropriety of their trespass such that the Defendants were negligent.

50. The Plaintiffs' suffered damages as a proximate result of the Defendants' continuing trespass, including but not limited to, the loss of the oil and gas produced from the Kestner 3H Well.

51. As the Kestner 3H Well is still in production, it is reasonably certain that the Plaintiffs will continue to suffer damages as a proximate result of the Defendants' continuing trespass.

WHEREFORE, The Plaintiffs request judgment against the Defendants for the following:

A. Past damages consisting of a royalty percentage (*i.e.* after deducting the costs of production) of one-seventh the value of oil and gas produced to date from the Kestner 3H Well;

B. Future damages consisting of a royalty percentage (*i.e.* after deducting the costs of production) of one-seventh the value of oil and gas produced to date from the Kestner 3H Well;

C. Such other foreseeable consequential damages as the jury determines are appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES TRIABLE TO A JURY.**

Dated this _____ day of March, 2019.

 // Edmund L. Wagoner
Edmund L. Wagoner (WVSB #10605)
David E. Goddard (WVSB #8090)
Goddard & Wagoner PLLC
229 West Main Street, Suite 1100
Clarksburg, WV  26301
Tel:  (304) 933-1411
Fax:  (855) 329-1411
*Counsel for Plaintiffs*