**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

CATHERINE T. WALKER,                           Civil Action No. 5:19-CV-34 (Bailey)
MICHAEL J. WALKER,
CATHY WALKER BOWMAN,                           Filed Electronically
DALENE ANNETTE BLEVINS,
GARY MITCHELL WALKER,
JOSIE DIANE SNUFFER,
RICHARD FERMINE WALKER,
SUSAN LEIGH POLINE,
RODNEY J. GARRISON,
EXECUTOR OF THE ESTATE
OF FRANK D. GARRISON,

                    Plaintiffs,

        v.

SWN PRODUCTION COMPANY, LLC,
CHESAPEAKE APPALACHIA, L.L.C.,
EQUINOR USA ONSHORE PROPERTIES INC.,
and JAMESTOWN RESOURCES, L.L.C.

                    Defendants.

**DEFENDANTS CHESAPEAKE APPALACHIA, L.L.C. AND**
**JAMESTOWN RESOURCES, L.L.C.'S ANSWER AND AFFIRMATIVE DEFENSES**

        Defendants Chesapeake Appalachia, L.L.C. ("Chesapeake") and Jamestown Resources,

L.L.C. ("Jamestown") (collectively, the "Answering Defendants") file this Answer and

Affirmative Defenses to the Plaintiffs' Complaint.

**ANSWER**

        1.      The Answering Defendants are without information or knowledge sufficient to

form a belief as to the truth of the allegations in Paragraph 1 and therefore deny them.

        2.      The Answering Defendants are without information or knowledge sufficient to

form a belief as to the truth of the allegations in Paragraph 2 and therefore deny them.

3.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 3 and therefore deny them.

4.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 4 and therefore deny them.

5.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 5 and therefore deny them.

6.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 6 and therefore deny them.

7.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 7 and therefore deny them.

8.      The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 8 and therefore deny them.

9.      The allegations in Paragraph 9 are directed to other defendants and therefore no response from the Answering Defendants is required.

10.      The allegations in Paragraph 10 are directed to other defendants and therefore no response from the Answering Defendants is required.  By way of further response, Eric Cochran is not a named defendant in this case.

11.      Admitted.

12.      Admitted.

13.      The allegations in Paragraph 13 are either directed to other defendants and therefore no response from the Answering Defendants is required or state legal conclusions to which no response is required.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required.  By way of further response, it is denied that any trespass has occurred.

15.     The allegations in Paragraph 15 state legal conclusions to which no response is required.

16.     The allegations in Paragraph 16 state legal conclusions to which no response is required.

17.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 17 that the Plaintiffs are descendants of Frank P. Garrison and therefore deny them.  The remainder of the allegations in Paragraph 17 state legal conclusion to which no response is required and purport to describe a deed, which is a written document that speaks for itself.  The remainder of the allegations in Paragraph 17 are denied to the extent they are at variance with the written document they purport to describe.

18.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 18 that Frank P. Garrison died in 1932 and therefore deny them.  The remainder of the allegations in Paragraph 18 state legal conclusion to which no response is required and purport to describe a will, which is a written document that speaks for itself.  The remainder of the allegations in Paragraph 18 are denied to the extent they are at variance with the written document they purport to describe.

19.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny them.

20.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 20 that Dawson Frank Garrison was survived by two children, Doris Garrison and Frank Dawson Garrison, and therefore deny them.

The remainder of the allegations in Paragraph 20 state legal conclusions to which no response is required and purport to describe a deed, which is a written document that speaks for itself. The remainder of the allegations in Paragraph 20 are denied to the extent they are at variance with the written document they purport to describe.

20. The allegations in Paragraph 21 state legal conclusions to which no response is required and purport to describe a deed, which is a written document that speaks for itself. The allegations in Paragraph 21 are denied to the extent they are at variance with the written document they purport to describe.

22. The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 22 that Doris Garrison Walker died on March 31, 2011 and therefore deny them. The remainder of the allegations in Paragraph 22 state legal conclusions to which no response is required and purport to describe a will, which is a written document that speaks for itself. The remainder of the allegations in Paragraph 22 are denied to the extent they are at variance with the written document they purport to describe.

23. The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 23 that Frank Dawson Garrison died on September 17, 2017 and therefore deny them. The remainder of the allegations in Paragraph 23 state legal conclusions to which no response is required and purport to describe a will and letters of administration, which are written documents that speak for themselves. The remainder of the allegations in Paragraph 23 are denied to the extent they are at variance with the written documents they purport to describe.

24. Admitted.

25. Admitted.

26.     Admitted.

27.     The allegations in Paragraph 27 purport to describe recorded documents in Ohio County, which are written documents that speak for themselves.  The allegations in Paragraph 27 are denied to the extent they are at variance with the written documents they purport to describe.

28.     Admitted in part and denied in part.  It is admitted that the Kestner 3H Well targets the Marcellus Shale formation.  The remainder of the allegations in Paragraph 28 are denied.

29.     Admitted in part and denied in part.  It is admitted that there are no surface operations related to the Kestner 3H Well on the Subject Lands.  The remainder of the allegations in Paragraph 29 are denied.

30.     The allegations in Paragraph 30 purport to describe production data provided to the State of West Virginia, which are written documents that speak for themselves.  The allegations in Paragraph 30 are denied to the extent they are at variance with the written documents they purport to describe.

31.     The allegations in Paragraph 31 purport to describe an assignment, which is a written document that speaks for itself.  The allegations in Paragraph 31 are denied to the extent they are at variance with the written document they purport to describe.

32.     Admitted.

33.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 33 and therefore deny them.

34.     Admitted in part and denied in part.  It is admitted that the Plaintiffs did not affirmatively provide prior written permission for Chesapeake to drill the Kestner 3H Well under the Subject Lands but it is denied that the Plaintiffs were required to provide such permission.  The

Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 34 and therefore deny them.

35.     The Answering Defendants are without information or knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 35 and therefore deny them.

## COUNT I

36.     Admitted in part and denied in part.  It is admitted that the Kestner 3H Well was drilled under the Subject Lands.  It is denied that the Kestner 3H Well was drilled "intentionally" to the extent that the use of this word implies that the Answering Defendants have committed a bad faith trespass.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

42.     Denied.

43.     Denied.

WHEREFORE, the Answering Defendants request entry of judgment in their favor and against the Plaintiffs, all at the Plaintiffs' costs.

## COUNT II

44.     The allegations in Paragraph 44 state legal conclusions to which no response is required.

45.     Admitted in part and denied in part.  It is admitted that the Kestner 3H Well was drilled under the Subject Lands.  It is denied that the Kestner 3H Well was drilled "intentionally"

- 6 -

to the extent that the use of this word implies that the Answering Defendants have committed a good faith trespass.

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

WHEREFORE, the Answering Defendants request entry of judgment in their favor and against the Plaintiffs, all at the Plaintiffs' costs.

## <u>AFFIRMATIVE DEFENSES</u>

1.     The Answering Defendants incorporate by reference their responses to the above Paragraphs.

2.     Any allegation in the Complaint that is not expressly admitted above is denied.

3.     The Complaint fails to state a claim upon which relief may be granted.

4.     The Complaint fails because the Plaintiffs lack standing.

5.     The Complaint fails because any entry on the Subject Lands was authorized.

6.     The Complaint is barred by the statute of limitations.

7.     The Complaint is barred by the defenses of acquiescence, laches, waiver, estoppel, consent, and unclean hands.

8.     The Plaintiffs have failed to join necessary and indispensable parties.

9.      The Plaintiffs' claims are barred by virtue of a lost deed or other documents confirming that the Answering Defendants have a complete 100 percent interest in the minerals underlying the Subject Lands.

10.     The Plaintiffs' claims are barred because the Answering Defendants have obtained a complete 100 percent interest in the minerals underlying the Subject Lands by adverse possession or other equitable doctrine.

11.     The Plaintiffs' claims are barred because they have no ownership interest in the Subject Lands under Frank P. Garrison's Will.

12.     The Plaintiffs' claims are barred because the March 26, 1947 Deed between Bonnie Walker and Grace M. Bauer and Henry L. Bauer did not reserve any oil and gas interests in the Subject Lands to the Plaintiffs' heirs.

13.     The Plaintiffs' claims are barred by the Co-Tenancy Modernization and Majority Protection Act, W. Va. Code §§ 37B-1-1 *et seq*.

14.     The Plaintiffs have not sustained any damages as a result of the alleged conduct of the Answering Defendants.

15.     The Complaint fails to plead facts sufficient to entitle the Plaintiffs to punitive damages.

16.     Any and all claims against the Answering Defendants must be limited to the time they held an interest in the Kestner 3H Well.

17.     The Answering Defendants reserve their right to amend or supplement their Affirmative Defenses at any time.

WHEREFORE, the Answering Defendants request entry of judgment in their favor and against the Plaintiffs, all at the Plaintiffs' costs.

Dated: April 15, 2019

REED SMITH LLP

/s/ Nicolle R. Snyder Bagnell
Nicolle R. Snyder Bagnell
W.V. I.D. No. 11081
Lucas Liben
W.V. I.D. No. 11832
225 Fifth Avenue
Pittsburgh, PA 15222
(412) 288-3131

*Counsel for Chesapeake Appalachia, L.L.C. and Jamestown Resources, L.L.C.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on April 15, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel or parties of record electronically by CM/ECF.

/s/ Nicolle R. Snyder Bagnell